

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. M. Cotten
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-6729
Re: Can the sheriff or his
deputies charge a witness
fee in criminal cases in
Justice and County Courts?
And a related question.

Your request for our opinion on the above questions
is as follows:

"Can the sheriff or his deputies charge a
witness fee in criminal cases in Justice and County
Courts? If a witness fee is charged and collected
should this be reported as fees of office and placed
in the Officers's Salary Fund?"

Article 1078, Vernon's Annotated Code of Criminal
Procedure of Texas, 1925, is as follows:

"Fees of witnesses - Witnesses in criminal
cases shall be allowed one dollar and fifty cents
a day for each day they are in attendance upon the
court, and six cents for each mile they may travel
in going to or returning from the place of trial."

Article 1080 of said Code is as follows:

"No fees allowed - No fees shall be allowed
to a person as witness fees unless such person has
been subpoenaed, attached or recognized as a witness
in the case."

Hon. H. M. Cotten, Page 2

In the case of Lay v. State, 202 S. W. 729, the Court of Criminal Appeals was considering a matter of costs in a case where a salaried policeman had made the arrest, appeared as a witness after being duly summoned and claimed his witness fees. The contention was made that, inasmuch as such officer was a salaried policeman, he was not entitled to claim witness fees. In overruling said contention, the court said:

". . . It is understood to be the rule with reference to charging fees that none will be permitted except where authorized by statute; that is, it is a prerequisite before fees may be charged that the Legislature pass suitable legislation authorizing the charging and paying of such fees, whether by the state or the defendant. With reference to misdemeanors, there is no interdiction of the charging of witness fees so far as officers are concerned. They seem to come within the general class of witnesses, and are entitled to the same fees as other witnesses in misdemeanor cases. A witness in a misdemeanor case can be paid no fees other than those provided, but is entitled to charge such fees as the statute enacts. There being no difference with reference to misdemeanor cases as to the character of witnesses, whether officers or not, the officer would come within the general category, as we understand the law, as witness. His official character, so far as that proposition is concerned, would make no difference. There are no traveling expenses in the case to complicate; therefore we have the question as to whether or not an officer in misdemeanor cases can charge fees as a witness for his attendance upon the court. We are of opinion that he can, and that the court did not err in allowing the fees charged by the officer."

It is our opinion, therefore, that the sheriff, or his deputy, can charge or claim witness fees in criminal cases in Justice and County Courts when they have been duly summoned or required to appear as witnesses in such courts in said cases.

Article 3912e, Sec. 5, Vernon's Annotated Civil Statutes, reads as follows:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted

Hon. H. M. Cotten,   Page 3

by law to be assessed and collected for all official service performed by them.  As and when such fees are collected they shall be deposited in the Officers' Salary Fund or funds provided in this Act.  In event the Commissioners' Court finds that the failure to collect any fee or commission was due to neglect on the part of the officer charged with the responsibility of collecting same, the amount of such fee or commission shall be deducted from the salary of such officer.  Before any such deduction is made, the Commissioners' Court shall furnish such officer with an itemized statement of the uncollected fees with which his account is to be charged, and shall notify such officer of the time and place for a hearing on same, to determine whether such officer was guilty of negligence, which time for hearing shall be at least ten days subsequent to the date of notice.  Unless an officer is charged by law with the responsibility of collecting fees, the Commissioners' Court shall not in any event make any deductions from the authorized salary of such officer."

Such witness fees are clearly "personal" fees to said witnesses attending said courts, or either of them, and could not be claimed as "fees and commissions which are permitted by law to be assessed and collected for all official service performed by them."  You are advised, therefore, that it is our opinion that such witness fees, when charged and collected are not "fees of office" of the sheriff, should not be reported as such and should not be placed in the Officers' Salary Fund.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BY *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:LJ:fb

APPROVED JUL 31 1945

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN